IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr.  No. 02-30046-HO |
| | ) | Civ. No. 06-3024-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN WESTON LONG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant pleaded guilty to distribution of 50 or more grams of methamphetamine.  The court sentenced defendant to a 120 month term of incarceration.  On April 12, 2006, defendant filed for habeas relief pursuant to 28 U.S.C. § 451.[1]  The grounds asserted in the petition are that the

---

[1]On May 22, 2006, defendant filed a motion to correct the record in which he asserts that he actually filed his habeas petition on January 9, 2006.  Defendant asserts that he placed a habeas petition in the mail, but that the clerk rejected the pleading.  There is no record of the clerk rejecting any filings submitted by defendant and while defendant references the purported document and claims it is attached to his motion, there is no such attachment.  The habeas petition docketed on April 12, 2006, is
(continued...)

habeas statutes at 28 U.S.C. § 2255 and § 2241 were never enacted into positive law and thus are void, that 18 U.S.C. § 3231 was not enacted into positive law and is void, that he received ineffective assistance of counsel, that the court violated his Fifth and Sixth Amendment rights by enhancing his sentence through facts not found by a jury beyond a reasonable doubt, and that the government has been illegally imprisoning people for years pursuant to unconstitutional statutes.

To the extent defendant argues that various law were not properly enacted, the court agrees with the government that 28 U.S.C. § 2255 and 28 U.S.C. § 3231 were properly enacted for the reasons stated in the government's brief (#119) at pp. 2-5. Thus, defendant's argument that the procedural hurdles regarding habeas relief pursuant to 28 U.S.C. § 2255 don't apply lacks merit. Defendant is not entitled to proceed under the prior habeas remedy that existed at 28 U.S.C. § 451. To the extent defendant seeks to pursue any common law writ, such writs are superseded by 28 U.S.C. § 2255. The common law writs survive only to the extent that they fill "gaps" in the current systems of postconviction relief. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001).

Common law writs are not available even if precluded from raising his claims in a section 2255 motion by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, tit. I, § 105, 110 Stat. 1214, 1220 (AEDPA).

> A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs. See Kimberlin, 675 F.2d at 869; see also In re Davenport, 147 F.3d 605, 608 (7th Cir.1998) (concluding that, even if the limitations of AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted them to pass

---

[1](...continued)
dated April 5, 2006 by petitioner. The motion to correct the record (#120) is denied.

2 - ORDER

> through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions"); cf. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam) (concluding that § 2255 is not inadequate or ineffective merely because a particular prisoner's § 2255 motion is procedurally barred), cert. denied, 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000).

Valdez-Pacheco, 237 F.3d at 1080.

Defendant's challenge to his conviction is properly raised under 28 U.S.C. § 2255. A federal prisoner in custody may seek the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. Such prisoner may move the court which imposed the sentence to vacate, set aside or correct the sentence. See 28 U.S.C. § 2255. However, it appears that such a petition would be time barred. 28 U.S.C. § 2255 provides in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant filed the present motion more than one year after the judgment of conviction became final even assuming a filing date of January 9, 2006, asserted in defendant's motion to correct. Nonetheless, the court declines to interpret defendant's motion as one seeking relief under

28 U.S.C. § 2255 because of the additional procedural hurdles that would limit defendant in seeking to file a successive petition. When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion a "district court should not recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion." See United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2001). However, the court declines to engage in this inquiry because of the time-bar and because defendant expressly stated the motion is not made pursuant to 28 U.S.C. § 2255. See Petition (#117) at p. 2. Defendant's petition for habeas relief pursuant to 28 U.S.C. § 451 is denied.

## CONCLUSION

For the reasons stated above, defendant's motion for relief pursuant to 28 U.S.C. § 451 (#117) is denied and this proceeding is dismissed.

DATED this __23rd__ day of June, 2006.

   s/ Michael R. Hogan
United States District Judge